**Richard D. LANFEAR, Relator,**

v.

**Honorable Robert BLACKMON, Presiding Judge of the 117th District Court of Nueces County, Texas, Respondent.**

No. 13–92–038–CV.

Court of Appeals of Texas, Corpus Christi.

March 19, 1992.

**88**

Michael B. Schmidt, Paul Dodson, White, Huseman, Pletcher & Powers, Corpus Christi, for intervenor.

M.W. Meredith, Jr., Robert J. Sigler, Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, for relator.

Before DORSEY, KENNEDY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Richard Lanfear, Relator, seeks a writ of mandamus, complaining of two orders by the Honorable Robert Blackmon, presiding judge of the 117th district court. Both orders were sanctions in response to perceived discovery abuses and perjury. The first struck certain defenses and a counterclaim, and awarded attorney's fees. The second had the effect of a default judgment and imposed a constructive trust in favor of the plaintiff, as well as awarding attorney fees. We conditionally grant the writ.

Welton Cox, the real party in interest, filed suit against Lyn Eads seeking an interest in the Malo Sueno oil and gas prospect that Cox claimed they developed together. Cox pleaded that Eads agreed that they would be 50–50 partners in the pros-

pect in exchange for Cox performing land work and obtaining a farmout. Eads' answers to interrogatories disclosed that Eads worked on the project with Richard Lanfear and that Lanfear and Eads were equal partners in the deal. Eads denied Cox's claim of partnership, and claimed that Cox was only hired to work by the day and that he was paid accordingly.

Shortly after receiving these responses from Eads, Cox sued Lanfear in the same action. Lanfear answered with a general denial, asserted the defense of statute of frauds, and filed a counterclaim alleging that the suit was malicious. Cox sent his first set of interrogatories and admissions to Lanfear on March 12, 1991, which included requests for production of documents.

After Lanfear responded incompletely to the interrogatories, Cox informed him by letter that five of the answers were incomplete and evasive, and that three of the responses to the requests for production were inadequate. Lanfear then supplemented his answers to the interrogatories, expanding his answers somewhat. In his response to one interrogatory, he stated that he never sold, transferred, assigned, conveyed or made a gift of any leasehold, overriding royalty or other similar interest in the Malo Sueno area. He also designated himself as an expert witness.

Cox addressed a second set of interrogatories to Lanfear, restating some of the earlier questions that had not been answered, and requesting information concerning the counterclaim, his net worth, credentials and long distance telephone bills. Lanfear objected to many of these inquiries, and answered some in part.

Cox then filed a motion to compel answers to interrogatories claiming Lanfear's answers were still incomplete. The trial court heard the motion on two separate days which were more than thirty days apart. Lanfear was the only witness to testify at these hearings. The judge indicated at the end of the first part of the hearing that he was troubled by some of Lanfear's responses.

After the first part of the hearing and before the second, Lanfear again supplemented his answers, responding in part that he obtained a critical geological log between July and August, 1989. He also responded concerning his salary and arrangement with Tri–C Resources, an associated oil company involved in the sale or development of the Malo Sueno prospect. He again stated that he had not sold, transferred, assigned or conveyed any leasehold, overriding royalty or other similar interest in the Malo Sueno area.

The trial court found that Lanfear intentionally filed evasive and incomplete answers to Cox's interrogatories and requests for production. It ordered the material requested by Cox produced, and directed that certain enumerated interrogatories be answered. The court ordered relator to pay $1,500 in attorney's fees, and struck all of Lanfear's defensive pleadings other than his general denial. Lanfear's counterclaim was also struck, and a protective order was granted Lanfear to protect the confidentiality of his maps and data.

After the sanctions were imposed, Lanfear filed a third supplemental response to the interrogatories. In it he acknowledged that he signed a power of attorney in favor of Tri–C Resources. This statement appeared to contradict his previous testimony, given during the second phase of the first sanctions hearing, that he had not transferred or assigned any interest in the Malo Sueno prospect. As a result of this statement, Cox filed a motion for sanctions pursuant to Rule 215, asserting Lanfear's perjury as a reason for sanctions.

A hearing on this motion was held on October 22, 1991. In its order, the judge found that Lanfear answered untruthfully, under oath and during a prior hearing, about the sale of his interest in the Malo Sueno Area for $835,000 through an agent. The court held such conduct to constitute flagrant bad faith in the exercise of Lanfear's discovery responsibilities, and an abuse of discovery under Tex.R.Civ.P. 215. The trial court granted the motion for sanctions, entering an order which had the effect of entering a default against relator. Lanfear was required to pay $10,000.00 in attorney's fees, and the court ordered a

constructive trust on the amount of money relator was paid for his involvement with the Malo Sueno project.

■ Relator Lanfear seeks a writ of mandamus compelling Judge Blackmon to withdraw his two orders imposing sanctions. Mandamus will issue to compel the performance of a ministerial act or duty [1], or to correct a clear abuse of discretion [2]. A trial court clearly abuses its discretion "if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

■ Factual issues decided by the trial court, or other issues in which the judge has discretion, will not be disturbed unless the evidence is such that the court could have reached only the contrary decision. *Johnson*, 700 S.W.2d at 918. However, a trial court's decisions on matters of law are not afforded the same deference as its factual conclusions. A "clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992), *citing Joachim*, 815 S.W.2d at 240.

In reviewing the propriety of the two sanction orders complained of by relator, we will limit our review to legal issues, and will assume as correct those factual conclusions found by the court below to support the relief it granted. The issue is whether the factual conclusions found by Judge Blackmon authorize the sanctions imposed by him under the circumstances. In this instance, we will not analyze the court's findings that Lanfear answered untruthfully under oath in the second order, or that he intentionally filed incomplete or evasive answers in the first order imposing sanctions. Rather, we will review whether

those findings support the sanctions imposed.

■ In *Transamerican Natural Gas Corp. v. Powell*,[3] the Supreme Court set forth in detail the rules to be followed in determining if sanctions were properly imposed for discovery abuse. First, a direct relationship must exist between the offensive conduct and the sanction imposed. *Id.* at 917. In this regard, the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party or both. Second, the sanctions must fit the crime; they must not be excessive. *Id.* at 917. Sanctions which are so severe that they preclude presentation on the merits should not be assessed absent a party's bad faith or counsel's flagrant disregard for the responsibilities of discovery under the rules. Discovery sanctions should not be used to adjudicate the merits of a claim or defense unless a party's obstruction of the discovery process justifies the presumption that the claim or defense lacks merit. *Id.* at 918.

■ The first sanctions struck Lanfear's counterclaim and affirmative defense, and charged him with $1500 of Cox's attorney's fees. Lanfear was punished because he intentionally filed incomplete or evasive answers when responding to interrogatories. The order prevented Lanfear from presenting his counterclaim and his affirmative defense of statute of frauds, thereby adjudicating those matters without a hearing on their merits. *Transamerican* instructs that in order to strike pleadings, the party's obstruction of the discovery process must be so blatant that it justifies the presumption that the claim or defense lacks merit. *Transamerican*, 811 S.W.2d at 918. Nothing in the record indicates that the trial court made any attempt to determine whether the client or the lawyer was the one at fault. No previous orders compelling discovery or relating to discovery had been entered. That the answers were incomplete or intentionally evasive is not

---

1. *See Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138, 1150 (1939).

2. *See Joachim v. Chambers*, 815 S.W.2d 234, 237 (Tex.1991).

3. 811 S.W.2d 913 (Tex.1991).

such an obstruction of discovery to justify the conclusion that the claim or defense lacked merit without more. The "crime" did not justify the punishment. The trial court abused its discretion by striking Lanfear's pleadings in its first sanction order.

■ Cox argues that complaints concerning the first sanction order have been waived by the relator. We agree with regard to the payment of attorney's fees and the striking of his counterclaim. In relator's motion, entitled "... Motion for Rehearing of Plaintiff's Motion to Compel and for Sanctions," relator specifically stated that he accepted the rendition of $1,500 in attorney's fees and does not contest the striking of his counterclaim. Relator has waived his complaint on those issues.

However, in that same motion, relator prayed that the trial court modify the order striking relator's statute of frauds defense. This issue has not been waived. Accordingly, the first sanction order is modified, omitting as a sanction the striking of Lanfear's affirmative defenses.

■ Relator also argues that the trial court abused its discretion by imposing the second sanctions order, which entered a default judgment against him and imposed a constructive trust on the monies he received from his involvement with the Malo Sueno project. The trial court's order recites that the sanctions were imposed because relator answered untruthfully in a prior hearing before the trial court concerning the sale of his interest in the Malo Sueno area. The court found that conduct to be in flagrant bad faith in the exercise of his responsibility for discovery, an abuse of discovery under Rule 215, and a violation of his oath as a witness. The actions of relator in this case are not to be condoned. However, a trial court may not effectively adjudicate the merits of a case based on testimony of a party during a sanctions hearing because he was later impeached on testimony given at that hearing. The witness' credibility should be

tested when the case is tried. Otherwise, a trial court could at any time interrupt a trial proceeding if it believed a witness was being untruthful, and simply enter a default against the party procuring that witness for that reason. The statement of relator, whether perjurious or not, does not go to the heart of the controversy here. It did not justify the conclusion that relator's claim lacked merit so that he should be precluded from his day in court.

We do not believe the action of the trial court was justified; the *Transamerican* factors were not met. There was no showing that lesser sanctions would not have been effective. A "death penalty" sanction is not proper punishment for what was perceived by the court to be perjured testimony.

Mandamus is proper in this instance because the actions of the trial court in this case had the effect of adjudicating relator's case, but did not result in the rendition of an appealable judgment.[4] *Transamerican*, 811 S.W.2d at 919.

We conditionally grant the writ of mandamus. We presume that the trial court will rescind its orders of August 22, 1991 and October 24, 1991. Mandamus will issue only if the trial court fails to comply.

■

---

4. The order here does not purport to be a final judgment. No language exists indicating that the trial court intended it as such. In fact, the court indicated that it was imposing the trust but was waiting to require the payment of the money until additional matters could be addressed.