Fletcher v. Blair 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON REMAND


 



NO. 3-91-077-CV




MARCILEA FLETCHER,



 APPELLANT


vs.





ALLISON JENNIFER BLAIR; PATRICIA HUNTINGTON, a/k/a PATIENCE

HUNTINGTON; BRETT JAMES STRASMA; AND PAULA KAY GALBRAITH,


 APPELLEES


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 466,461, HONORABLE JEANNE MEURER, JUDGE PRESIDING


 




 This is an appeal from a judgment imposing civil "death penalty" discovery
sanctions. On original submission we vacated the district court's order of dismissal and remanded
the cause to that court for further proceedings in light of TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913 (Tex. 1991). See Fletcher v. Blair, 843 S.W.2d 601 (Tex. App.Austin
1992), rev'd, 849 S.W.2d 344 (Tex. 1993). The supreme court held that we could not vacate a
trial court judgment and remand to that court without first rendering a decision on the merits,
because the Texas Rules of Appellate Procedure "delimit the options available to a court of
appeals." Fletcher, 849 S.W.2d at 345. Accordingly, on remand from the supreme court, we
now review the merits of the appeal. (1)

 Marcilea Fletcher filed the underlying lawsuit for personal injuries she sustained
while riding in a vehicle driven by appellee Allison Jennifer Blair. Blair's vehicle collided with
two other vehicles driven by appellees Brett James Strasma and Paula Kay Galbraith. In addition
to the three drivers, Fletcher sued appellee Patricia Huntington, a/k/a Patience Huntington, for
negligent entrustment of her vehicle to Blair. Among other damages, Fletcher alleged that she
had suffered severe physical injuries, including injuries to her head, teeth, right shoulder, legs,
and body generally. She alleged that some of her physical injuries were permanent in nature.

 During discovery Fletcher falsely claimed on two occasions that she had received
bachelor's and master's degrees from The University of Texas and was working toward a doctoral
degree. In fact, Fletcher had no such degrees. After discovering the falsity of these claims,
appellees filed a joint motion for sanctions based on Fletcher's statements, and the district court
struck her pleadings and dismissed the cause. (2)

 Fletcher alleges in two points of error that the district court erred by: (1) abusing
its discretion in striking her pleadings and dismissing the cause; and (2) depriving her of her claim
without federal due process and state due course of law. We agree and will reverse.

 In TransAmerican the supreme court held that sanctions must be "just," meaning
that: (1) a direct relationship must exist between the offensive conduct and the sanction imposed;
and (2) the sanctions must not be overly excessive, i.e., the punishment must fit the crime. 811
S.W.2d at 917. The imposition of very severe sanctions is limited also by constitutional due
process: "Discovery sanctions cannot be used to adjudicate the merits of a party's claims or
defenses unless a party's hindrance of the discovery process justifies a presumption that its claims
or defenses lack merit." Id. at 918. All doubts should be resolved in favor of reaching a decision
on the merits. United States Fidelity & Guar. Co. v. Rossa, 830 S.W.2d 668, 671 (Tex.
App.Waco 1992, writ denied).

 In this appeal a direct relationship arguably exists between Fletcher's conduct and
the sanction imposed. Fletcher falsely claimed that she had received bachelor's and master's
degrees from The University of Texas and that she was working toward a doctorate. Fletcher also
admitted to giving false information about her past income. Thus, the withholding from Fletcher
of a remedy in damages could be said to be "directed against the abuse" and "visited upon the
offender." TransAmerican, 811 S.W.2d at 917. We must, therefore, inquire about the
"excessiveness" prong of TransAmerican: (1) whether death-penalty sanctions are more severe
than necessary to satisfy the legitimate purposes of compliance, punishment, and deterrence; and
(2) whether the district court considered less stringent sanctions. Id.

 Although the supreme court has recommended that trial courts make findings of fact
before imposing death-penalty sanctions, it has explicitly declined to require such findings. Id.
at 919 n.9; Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 852 (Tex. 1992). The district court
imposed death-penalty sanctions in this cause before the supreme court issued its opinion in
TransAmerican, and there are neither findings of fact nor comments by the district court in the
statement of facts that affirmatively reflect the court's consideration of lesser sanctions. In an
appeal from death-penalty sanctions, we may not apply the legal presumptions in favor of a
judgment that normally apply following a trial. Otis Elevator Co. v. Parmelee, 850 S.W.2d 179,
181 (Tex. 1993); see also Chrysler, 841 S.W.2d at 852. Rather, "[t]he record must reflect that
the court considered the availability of lesser sanctions." GTE Communications Sys. Corp. v.
Tanner, 856 S.W.2d 725, 729 (Tex. 1993). Accordingly, we may not conclude from the silent
record here that the district court considered lesser sanctions.

 Fletcher's conduct in this case may be reprehensible, and this Court does not
condone such actions. Her conduct does not, however, relate directly to the merits of her
underlying claim for personal injuries. Rather, the false statements in this case are relevant only
to Fletcher's damagesand even then only a certain category of her damages. The statements are
logically relevant to her possible loss of earnings, past and future, and loss of earning capacity,
but they do not bear on other essential elements of her cause of action for negligence. Moreover,
even if the false statements could be said to diminish Fletcher's credibility generally, and so taint
her proof of subjective medical injuries such as dizziness and irritability, nonetheless any
diminution of her credibility should not color her evidence of objective injuries such as broken
teeth. Thus, Fletcher's false statements do not justify a presumption that her entire claim lacks
merit.

 Further, even where a party acts in flagrant bad faith or callous disregard of the
discovery rules, the supreme court requires that lesser sanctions must still be "tested" to determine
whether they are adequate to secure compliance, deterrence, and punishment of the offender. 
Chrysler, 841 S.W.2d at 849. Although the supreme court has not required formal findings of
fact, the record must include some explanation to justify the granting of death-penalty sanctions. 
Id. at 852 (approving approach of Rossa, 830 S.W.2d at 672-73); GTE, 856 S.W.2d at 729. 
Here, Fletcher requested lesser sanctions be imposed, but the record does not reflect that the
district court either tested lesser sanctions or explained its reasons for concluding that lesser
sanctions would not be effective.

 The record's silence in this regard takes on added significance in the present case,
because there exists at least one obvious lesser sanction available to the district court: refusing
to allow Fletcher to present any evidence of loss of earnings or earning capacity. (3) Fletcher's false
statements relate directly to these damages. Nothing in the record suggests that Fletcher lied
about the traffic accident that allegedly caused her injuries, or that she lied about her physical
injuries.

 Thus, even if it is appropriate to use discovery sanctions to punish a litigant for
false statements (as distinguished from the more common varieties of discovery abuse), (4) a court
may not impose death-penalty sanctions unless the circumstances warrant a presumption that the
plaintiff's claims are wholly without merit. Chrysler, 841 S.W.2d at 849. It is inappropriate,
therefore, to extinguish a party's entire cause of action when the party makes a false statement
about matters unrelated to the core elements of that cause. See Lanfear v. Blackmon, 827 S.W.2d
87, 91 (Tex. App.--Corpus Christi 1992, orig. proceeding [leave denied]).

 We hold that the district court abused its discretion by failing to consider the
availability and test the effectiveness of lesser sanctions; therefore, we sustain point of error one. 
We also hold that, under the circumstances of the present case, the death-penalty sanction cannot
survive due-process scrutiny, because Fletcher's false statements do not justify a presumption that
all of her claims for personal injury lack merit. Accordingly, we also sustain point of error two.

 We reverse the judgment of the district court and remand the cause for further
proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and B. A. Smith

Reversed and Remanded

Filed: January 19, 1994

Publish
1. Of the four appellees, Allison Jennifer Blair, Patricia Huntington, Brett James Strasma,
and Paula Kay Galbraith, only Blair, Huntington, and Strasma filed applications for writs of
error. 849 S.W.2d at 345 n.1. Normally this would mean that our judgment as to Galbraith
would be final because an appellate court has no jurisdiction to reverse in favor of a
nonappealing party. E.g., Saigh v. Monteith, 215 S.W.2d 610, 613 (Tex. 1948) (also listing
exceptions to the general rule). The supreme court's mandate, however, unambiguously states
that the "judgment of the court of appeals is reversed" and "[t]he cause is remanded." 
Because Galbraith did not file an application for writ of error, Fletcher requests that we direct
the Clerk of this Court to issue a mandate regarding that portion of the cause between Fletcher
and Galbraith. We have no power to grant such a request; rather, we must abide by the
supreme court's mandate. See, e.g., Cahill v. Lyda, 814 S.W.2d 390, 396-97 (Tex.
App.--Austin 1991), rev'd, 826 S.W.2d 932 (Tex. 1992). Fletcher's remedy was either to
object to the supreme court's rendition of judgment before the mandate issued or file a motion
in the supreme court to recall the mandate. See O'Neil v. Mack Trucks, Inc., 551 S.W.2d 32
(Tex. 1977).
2. At the hearing on Fletcher's motion for new trial, appellees claimed that Fletcher also
misrepresented her past income on her tax returns. Fletcher originally claimed that the errors
in her tax returns resulted from her lack of access to her tax records and her impaired
memory, but admitted at the hearing that she knew she was giving false information in
response to the appellees' interrogatories.
3. Of course, we do not suggest that the district court must or even should take this specific
action. The district court on remand is free to test whatever lesser sanctions are appropriate
under the standards enunciated by the supreme court in the GTE, Otis Elevator, Chrysler, and
TransAmerican cases, as well as Remington Arms Co. v. Caldwell, 850 S.W.2d 167 (Tex.
1993), and Braden v. Downey, 811 S.W.2d 922 (Tex. 1991).
4. We assume without deciding that Fletcher's conduct was a proper subject for Rule-215
sanctions.