Marcilea FLETCHER, Appellant,

v.

Allison Jennifer BLAIR; Patricia Huntington, a/k/a Patience Huntington; Brett James Strasma; and Paula Kay Galbraith, Appellees.

No. 3–91–077–CV.

Court of Appeals of Texas,
Austin.

Jan. 19, 1994.

Rehearing Overruled March 23, 1994.

Jay Doyle, Kuhn, Doyle & Kuhn, P.C., Austin, for appellant.

John F. Williams, Fletcher H. Brown; Clark, Thomas, Winters & Newton, Austin, for Allison Jennifer Blair.

John Greytok, Fulbright & Jaworski, Austin, for Patricia Huntington, a/k/a Patience Huntington.

Brantley Ross Pringle, Jr., Bankston, Wright & Greenhill, Austin, for Brett James Strasma.

Ross S. Crossland, Kenton P. Campbell, Thornton, Summers, Biechlin, Dunham & Brown, L.C., Austin, for Paula Kay Galbraith.

Before POWERS, JONES and B.A. SMITH, JJ.

JONES, Justice.

■ This is an appeal from a judgment imposing civil "death penalty" discovery sanctions. On original submission we vacated the district court's order of dismissal and remanded the cause to that court for further proceedings in light of *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991). *See Fletcher v. Blair*, 843 S.W.2d 601 (Tex.App.—Austin 1992), *rev'd*, 849 S.W.2d 344 (Tex.1993). The supreme court held that we could not vacate a trial court judgment and remand to that court without first rendering a decision on the merits, because the Texas Rules of Appellate Procedure "delimit the options available to a court of appeals." *Fletcher*, 849 S.W.2d at 345. Accordingly, on remand from the supreme court, we now review the merits of the appeal.[1]

Marcilea Fletcher filed the underlying lawsuit for personal injuries she sustained while riding in a vehicle driven by appellee Allison Jennifer Blair. Blair's vehicle collided with two other vehicles driven by appellees Brett James Strasma and Paula Kay Galbraith. In addition to the three drivers, Fletcher sued appellee Patricia Huntington, a/k/a Patience Huntington, for negligent entrustment of her vehicle to Blair. Among other damages, Fletcher alleged that she had suffered severe physical injuries, including injuries to her head, teeth, right shoulder, legs, and body generally. She alleged that some of her physical injuries were permanent in nature.

During discovery Fletcher falsely claimed on two occasions that she had received bachelor's and master's degrees from The University of Texas and was working toward a doctoral degree. In fact, Fletcher had no

---

1. Of the four appellees, Allison Jennifer Blair, Patricia Huntington, Brett James Strasma, and Paula Kay Galbraith, only Blair, Huntington, and Strasma filed applications for writs of error. 849 S.W.2d at 345 n. 1. Normally this would mean that our judgment as to Galbraith would be final because an appellate court has no jurisdiction to reverse in favor of a nonappealing party. *E.g., Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610, 613 (1948) (also listing exceptions to the general rule). The supreme court's mandate, however, unambiguously states that the "judgment of the court of appeals is reversed" and "[t]he cause is remanded." Because Galbraith did not file an application for writ of error, Fletcher requests that we direct the Clerk of this Court to issue a mandate regarding that portion of the cause between Fletcher and Galbraith. We have no power to grant such a request; rather, we must abide by the supreme court's mandate. *See, e.g., Cahill v. Lyda*, 814 S.W.2d 390, 396–97 (Tex.App.—Austin 1991), *rev'd*, 826 S.W.2d 932 (Tex.1992). Fletcher's remedy was either to object to the supreme court's rendition of judgment before the mandate issued or file a motion in the supreme court to recall the mandate. *See O'Neil v. Mack Trucks, Inc.*, 551 S.W.2d 32 (Tex.1977).

such degrees. After discovering the falsity of these claims, appellees filed a joint motion for sanctions based on Fletcher's statements, and the district court struck her pleadings and dismissed the cause.[2]

Fletcher alleges in two points of error that the district court erred by: (1) abusing its discretion in striking her pleadings and dismissing the cause; and (2) depriving her of her claim without federal due process and state due course of law. We agree and will reverse.

In *TransAmerican* the supreme court held that sanctions must be "just," meaning that: (1) a direct relationship must exist between the offensive conduct and the sanction imposed; and (2) the sanctions must not be overly excessive, i.e., the punishment must fit the crime. 811 S.W.2d at 917. The imposition of very severe sanctions is limited also by constitutional due process: "Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *Id.* at 918. All doubts should be resolved in favor of reaching a decision on the merits. *United States Fidelity & Guar. Co. v. Rossa,* 830 S.W.2d 668, 671 (Tex.App.—Waco 1992, writ denied).

In this appeal a direct relationship arguably exists between Fletcher's conduct and the sanction imposed. Fletcher falsely claimed that she had received bachelor's and master's degrees from The University of Texas and that she was working toward a doctorate. Fletcher also admitted to giving false information about her past income. Thus, the withholding from Fletcher of a remedy in damages could be said to be "directed against the abuse" and "visited upon the offender." *TransAmerican,* 811 S.W.2d at 917. We must, therefore, inquire about the "excessiveness" prong of *TransAmerican:* (1) whether death-penalty sanctions are more severe than necessary to satisfy the

legitimate purposes of compliance, punishment, and deterrence; and (2) whether the district court considered less stringent sanctions. *Id.*

Although the supreme court has recommended that trial courts make findings of fact before imposing death-penalty sanctions, it has explicitly declined to require such findings. *Id.* at 919 n. 9; *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex. 1992). The district court imposed death-penalty sanctions in this cause before the supreme court issued its opinion in *TransAmerican,* and there are neither findings of fact nor comments by the district court in the statement of facts that affirmatively reflect the court's consideration of lesser sanctions. In an appeal from death-penalty sanctions, we may not apply the legal presumptions in favor of a judgment that normally apply following a trial. *Otis Elevator Co. v. Parmelee,* 850 S.W.2d 179, 181 (Tex.1993); *see also Chrysler,* 841 S.W.2d at 852. Rather, "[t]he record must reflect that the court considered the availability of lesser sanctions." *GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 729 (Tex.1993). Accordingly, we may not conclude from the silent record here that the district court considered lesser sanctions.

Fletcher's conduct in this case may be reprehensible, and this Court does not condone such actions. Her conduct does not, however, relate directly to the merits of her underlying claim for personal injuries. Rather, the false statements in this case are relevant only to Fletcher's damages—and even then only a certain *category* of her damages. The statements are logically relevant to her possible loss of earnings, past and future, and loss of earning capacity, but they do not bear on other essential elements of her cause of action for negligence. Moreover, even if the false statements could be said to diminish Fletcher's credibility generally, and so taint her proof of *subjective* medical injuries such as dizziness and irrita-

---

2. At the hearing on Fletcher's motion for new trial, appellees claimed that Fletcher also misrepresented her past income on her tax returns. Fletcher originally claimed that the errors in her tax returns resulted from her lack of access to her tax records and her impaired memory, but admitted at the hearing that she knew she was giving false information in response to the appellees' interrogatories.

bility, nonetheless any diminution of her credibility should not color her evidence of *objective* injuries such as broken teeth. Thus, Fletcher's false statements do not justify a presumption that her *entire* claim lacks merit.

Further, even where a party acts in flagrant bad faith or callous disregard of the discovery rules, the supreme court requires that lesser sanctions must still be "tested" to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender. *Chrysler,* 841 S.W.2d at 849. Although the supreme court has not required formal findings of fact, the record must include *some* explanation to justify the granting of death-penalty sanctions. *Id.* at 852 (approving approach of *Rossa,* 830 S.W.2d at 672–73); *GTE,* 856 S.W.2d at 729. Here, Fletcher requested lesser sanctions be imposed, but the record does not reflect that the district court either tested lesser sanctions or explained its reasons for concluding that lesser sanctions would not be effective.

The record's silence in this regard takes on added significance in the present case, because there exists at least one obvious lesser sanction available to the district court: refusing to allow Fletcher to present any evidence of loss of earnings or earning capacity.[3] Fletcher's false statements relate directly to these damages. Nothing in the record suggests that Fletcher lied about the traffic accident that allegedly caused her injuries, or that she lied about her physical injuries.

■ Thus, even if it is appropriate to use discovery sanctions to punish a litigant for false statements (as distinguished from the more common varieties of discovery abuse),[4] a court may not impose death-penalty sanctions unless the circumstances warrant a presumption that the plaintiff's claims are wholly without merit. *Chrysler,* 841 S.W.2d at 849. It is inappropriate, therefore, to extinguish a party's entire cause of action when the party makes a false statement about

matters unrelated to the core elements of that cause. *See Lanfear v. Blackmon,* 827 S.W.2d 87, 91 (Tex.App.—Corpus Christi 1992, orig. proceeding [leave denied] ).

■ We hold that the district court abused its discretion by failing to consider the availability and test the effectiveness of lesser sanctions; therefore, we sustain point of error one. We also hold that, under the circumstances of the present case, the death-penalty sanction cannot survive due-process scrutiny, because Fletcher's false statements do not justify a presumption that all of her claims for personal injury lack merit. Accordingly, we also sustain point of error two.

We reverse the judgment of the district court and remand the cause for further proceedings.

POWERS, Justice, dissenting.

There should be no misunderstanding about what the record shows concerning the choice of sanctions made by the trial court. In summary, the record shows Fletcher filed a motion for new trial urging expressly that the following sanctions were more commensurate with her admitted misconduct in lying under oath: (1) disallowing any further discovery; (2) charging against Fletcher a part of the discovery expenses; (3) disallowing those aspects of her damages to which her falsehoods related; or (4) denying her use of any deposition evidence shown to be tainted by her false testimony.

An evidentiary hearing was held on Fletcher's motion for new trial. A statement of facts recording that hearing is in our record. It reveals quite extensive argument between the opposing parties based on undisputed facts. Fletcher's counsel argued for the suggested lesser sanctions as being "more appropriate" sanctions, "if sanctions are indeed necessary" at all. Opposing counsel argued against any of the lesser sanctions on the

---

**3.** Of course, we do not suggest that the district court must or even should take this specific action. The district court on remand is free to test whatever lesser sanctions are appropriate under the standards enunciated by the supreme court in the *GTE, Otis Elevator, Chrysler,* and *Trans-American* cases, as well as *Remington Arms Co. v.*

*Caldwell,* 850 S.W.2d 167 (Tex.1993), and *Braden v. Downey,* 811 S.W.2d 922 (Tex.1991).

**4.** We assume without deciding that Fletcher's conduct was a proper subject for Rule–215 sanctions.

ground that only dismissal would "comport" with the purpose of discovery-abuse sanctions, namely "to deter other litigants from violating the rules and to punish parties that violate the rules." He pointed out the materiality of Fletcher's falsehoods to the issues in the case and how her falsehoods had hindered the discovery process. Another opposing counsel pointed out Fletcher's *continuing* deceit in that, until the very hearing itself, she had maintained the correctness of her false tax returns and had repeatedly treated with disdain both the court and her oath. In ruling from the bench, the trial judge noted expressly that dismissal was a "very harsh remedy" but concluded she must adhere to her original ruling. In a written order to that effect, signed by the trial judge, she declared expressly that she had considered the motion for new trial and the parties' arguments thereon. The meaning and effect of this written order are that the trial judge considered and rejected any lesser sanctions as being insufficient for the purposes involved. *See* 4 Roy McDonald, *Texas Civil Practice in District and County Courts* § 17.10.1, at 90–91 (Frank W. Elliott ed., 1982).

Thus, we most assuredly do *not* have before us a record that is "silent" with regard to whether the trial court considered lesser sanctions. The record shows affirmatively that a hearing was held specifically for that purpose and the trial court received evidence and argument on which available sanction was most appropriate. There are no disputed facts; hence findings of fact would have been superfluous. The "testing" of lesser sanctions is inappropriate when the abuse of discovery consists of manufacturing and supplying false information rather than resisting disclosure of information. "The fabrication of evidence raises a presumption . . . that the supposed cause of action . . . of the party guilty thereof is without substantial foundation." 29 Am.Jur.2d "Evidence" § 176 at 29 (1967).

It is apparent to me, from the contents of the record before us, that the trial judge acted on the basis of the reasons given in connection with the motion for new trial and others apparent on the face of the record.

For the reasons given in my earlier opinion, I conclude the record shows the trial court did not abuse her discretion. *See Fletcher v. Blair,* 843 S.W.2d 601, 605–10 (Tex.App.—Austin 1992) (Powers, J., dissenting), *rev'd,* 849 S.W.2d 344 (Tex.1993). I would therefore affirm the trial-court order.