

# NUMBER 13-17-00453-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE NUECES HOSPITALITY GP, LLC
## AND NUECES HOSPITALITY, LP

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez[1]

Through this original proceeding, relators Nueces Hospitality GP LLC and Nueces Hospitality LP seek to set aside a sanction order signed on July 11, 2017 which prohibits them from alleging affirmative defenses.[2] We conditionally grant mandamus relief.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] This original proceeding arises from trial court cause number 2016CCV-62403-4 in the County Court at Law No. 4 of Nueces County, Texas, and the respondent is the Honorable Mark H. Woerner. *See* TEX. R. APP. P. 52.2.

## I. BACKGROUND

On October 26, 2016, real party in interest Myrtle Lee Bryant brought suit against relators and Choice Hotels International, Inc. for injuries sustained when she slipped and fell while working in the course of her employment. According to her original petition, she was working in the housekeeping department of the Comfort Suites Central Hotel in Corpus Christi, Texas, when she slipped and fell on a puddle of water in the hotel hallway. She brought suit against relators on grounds that they owned or controlled the hotel and alleged claims against them for premises liability, negligence, and joint enterprise or joint venture.

On May 1, 2017, the trial court issued an "agreed docket control order" setting the case for a jury trial on January 8, 2018. The docket control order set the deadlines for the completion of discovery and the amendment of pleadings as November 24, 2017 for Bryant and December 9, 2017 for relators.

On or about May 20, 2017, Bryant filed a combined motion to compel and motion for sanctions against relators which recounts the following events. On November 7, 2016, Bryant served her original petition and requests for disclosure on relators. She thereafter agreed to a thirty-day extension for relators to respond to the petition. On January 23, 2017, relators filed an answer to the lawsuit, but did not respond to the requests for disclosure. On March 29, 2017, Bryant provided relators an extension of time allowing them an additional thirty days to respond to all outstanding discovery "in order to give [relators' insurance carrier] an opportunity to perform a coverage review." On May 1, 2017, relators provided Bryant with the responses to some discovery requests

but did not answer the requests for disclosure. Bryant addressed this issue with relators and was told that she would receive the responses to her requests for disclosure during the week of May 8, 2017. Nevertheless, relators did not provide responses to Bryant's requests for disclosure.

In her motion to compel and for sanctions, Bryant contended that relators "failed to timely disclose their affirmative defenses and evidence in support thereof," they lacked good cause to excuse this failure, and the delay had unfairly prejudiced her:

> After months of extensions, the Nueces Hospitality Defendants are now representing to Plaintiff that they have evidence (which has not been produced) to support workers' compensation coverage as an affirmative defense (the basis of which has not been disclosed) that would bar Plaintiff's claims in their entirety . . . . The Nueces Hospitality Defendants are attempting to use this untimely and previously undisclosed affirmative defense to leverage Plaintiff into dismissing her claims without her actually having an opportunity to review supporting documentation.

> Rule 194.2(c) requires Defendants to disclose the legal theories and general factual bases for their defenses, including affirmative defenses such as workers' compensation coverage. The Nueces Hospitality Defendants have unquestionably failed to timely disclose this information to Plaintiff. Plaintiff, therefore, has been unable to conduct discovery into these affirmative defenses and has been prejudiced by the Nueces Hospitality Defendants continuing to withhold this information.

> Pursuant to Rule 193.6(a), the Nueces Hospitality Defendants should be prohibited from raising any affirmative defenses because no such defenses were alleged in their answer or in response to Plaintiff's Requests for Disclosure.

> . . . .

> In November 2016, Plaintiff received a notice from Liberty Mutual Insurance Company denying workers' compensation benefits on behalf of US Hospitality Management, LLC, a company that did not employ Plaintiff and is not a party to this lawsuit . . . . Plaintiff contacted Liberty Mutual Insurance Company to clarify that the Nueces Hospitality Defendants were not additional named insureds but never received a response.

3

> Despite the Nueces Hospitality Defendants' contention that a coverage investigation was ongoing, a certificate of liability insurance, produced by Defendant Choice Hotels International, Inc. in December 2016, already confirmed that the Nueces Hospitality Defendants were <u>not</u> covered under US Hospitality Management, LLC's workers' compensation policy.
>
> Plaintiff generously provided the Nueces Hospitality Defendants with three extensions to investigate and disclose their affirmative defenses. Notwithstanding these extensions, the information necessary for the Nueces Hospitality Defendants to evaluate coverage with Liberty Mutual Insurance Company was already known to all parties months ago. The Nueces Hospitality Defendants' failure to timely disclose affirmative defenses is therefore without good cause.
>
> . . . .
>
> Plaintiff has been unfairly prejudiced by the Nueces Hospitality Defendants' failure to timely disclose their affirmative defenses because she has been unable to conduct discovery regarding those affirmative defenses, has been unable to examine the language of the workers' compensation policy, and has been unable to submit her medical records and bills to any workers' compensation insurer.
>
> Furthermore, Plaintiff has incurred significant expense in filing and continuing to prosecute this lawsuit against the Nueces Hospitality Defendants as non-subscribers. If Plaintiff had been made aware of the potential for workers' compensation coverage in a timely manner, she would have been able to avoid the time and expense of litigation, which is one of the purposes of workers' compensation coverage.

Bryant requested that the trial court issue an order compelling relators to provide complete responses to her requests for disclosure and prohibit relators from alleging any affirmative defenses to her suit.

On May 22, 2017, the trial court granted a motion for substitution of counsel for Nueces Hospitality, LP. On June 7, 2017, the trial court granted a motion for substitution of counsel for Nueces Hospitality GP, LLC.

4

On or about June 7, 2017, relators filed a response to Bryant's motion to compel and motion for sanctions. Relators argued that the motion was moot because they had answered Bryant's requests for disclosure that same day and had provided her with: the policy of workers compensation insurance coverage provided by Liberty Insurance Corporation to US Hospitality Management, LLC, which listed Nueces Hospitality, LLC as an additional insured; an endorsement changing the insured's name from Nueces Hospitality, LLC to Nueces Hospitality, LP, effective April 1, 2016; and witness statements. Relators thus contended that "there is nothing to compel" and Bryant's motion was moot and should be denied. In terms of Bryant's request for sanctions, relators contended:

> [Bryant's request for sanctions] is an improper use of the Texas Rules of Civil Procedure. Motions to compel are governed by Rule 215 of the Texas Rules of Civil Procedure. Rule 215 allows a party to apply for sanctions or an order *"compelling discovery"* in certain circumstances. *See* TEX. R. CIV. P. 215.1. Rule 215, however, does not allow a party to request an order from the Court "prohibiting" a party from doing anything. And certainly, Plaintiff has provided no such authority.
>
> *If* the Nueces Defendants file a motion for summary judgment and assert the workers' compensation bar/exclusive remedy provision as an affirmative defense, *then* Plaintiff may raise the argument that the [relators] did not properly disclose that affirmative defense. But Plaintiff's Motion to Compel is not a proper motion in which to assert this argument.
>
> **There is simply no legal authority in Texas which allows Plaintiff to request an order from the Court "prohibiting" the Nueces Defendants from asserting an affirmative defense.** And indeed, Plaintiff has provided no such authority. Accordingly, Plaintiff's Motion should be denied.

(Internal citations omitted).

On July 11, 2017, the trial court held a non-evidentiary hearing on Bryant's motion to compel and motion for sanctions. The parties agreed that the motion to compel had been resolved by relators' responses to discovery, but proceeded to address Bryant's motion for sanctions. The parties and trial court discussed the timeline relative to the discovery responses, confusion relating to the corporate forms and the relationships between relators, and difficulties caused by the change in relators' counsel. That same day, the trial court issued an order in which it found "good cause" for granting the motions and ordered that relators "are hereby prohibited from alleging affirmative defenses in this action." The sanction order does not include a rationale for the award of sanctions.

This original proceeding ensued. By three issues, relators contend that the trial court abused its discretion by entering the sanction order and they lack an adequate remedy by appeal. Relators contend that the trial court erred by (1) imposing death penalty sanctions without finding a discovery abuse and without considering lesser sanctions, (2) prohibiting relators from asserting a workers' compensation defense, and (3) prohibiting relators from asserting any affirmative defense, including the failure to exhaust administrative remedies. This Court requested and received a response to the petition for writ of mandamus from Bryant and a reply thereto from relators. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.[3]

## II. STANDARD OF REVIEW

---

[3] After the trial court signed the sanction order, Bryant filed a notice of nonsuit without prejudice as to Nueces Hospitality GP, LLC. Given the status of the pleadings before this Court, we denominate both relators as parties to this original proceeding.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

We review the imposition of sanctions under an abuse of discretion standard. *Petroleum Sols., Inc. v. Head*, 454 S.W.3d 482, 489 (Tex. 2014); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *In re Noble Drilling (Jim Thompson), LLC*, 449 S.W.3d 625, 630 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). When death penalty sanctions have the effect of adjudicating a dispute, there is no adequate remedy by appeal. *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991) (orig. proceeding); *see In re Noble Drilling (Jim Thompson), LLC*, 449 S.W.3d at 632. Further, "[a]n appeal is inadequate for mandamus purposes when parties are in danger of

7

permanently losing substantial rights," such as "when . . . the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding); *see also Walker*, 827 S.W.2d at 843 (stating that an appeal is not an adequate remedy where "the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error").

### III. DISCOVERY SANCTIONS

Rule 215 of the Texas Rules of Civil Procedure enumerates a wide array of remedies available to a trial court in addressing discovery abuse, such as an award of attorney's fees or costs to the harmed party, exclusion of evidence, striking a party's pleadings, or even dismissing a party's claims. *See* TEX. R. CIV. P. 215.2–.3; *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 21 (Tex. 2014).

Texas Rule of Civil Procedure 215.2 allows a trial court to impose "just" sanctions for discovery abuse. TEX. R. CIV. P. 215.2; *see Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012). Courts follow a two-part test in determining whether a particular sanction for discovery abuse is just. *Christus Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016); *Petroleum Sols., Inc.*, 454 S.W.3d at 489; *TransAm. Nat. Gas Corp.*, 811 S.W.2d at 917. First, a direct relationship must exist between the offensive conduct, the offender, and the sanction imposed. *Petroleum Sols., Inc.*, 454 S.W.3d at 489; *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003) (per curiam); *TransAm. Nat. Gas Corp.*, 811 S.W.2d at 917. To meet this requirement, a sanction must be directed against the wrongful conduct and toward remedying the

prejudice suffered by the innocent party. *Petroleum Sols., Inc.*, 454 S.W.3d at 489; *TransAm. Nat. Gas Corp.*, 811 S.W.2d at 917. Second, a sanction must not be excessive, which means it should be no more severe than necessary to satisfy its legitimate purpose. *Petroleum Sols., Inc.*, 454 S.W.3d at 489; *TransAm. Nat. Gas Corp.*, 811 S.W.2d at 917. This prong requires the trial court to consider the availability of lesser sanctions and, "in all but the most exceptional cases, actually test the lesser sanctions." *Cire*, 134 S.W.3d at 841; *see Petroleum Sols., Inc.*, 454 S.W.3d at 489. The most extreme sanctions are also limited by due process considerations, therefore "a death-penalty sanction cannot be used to adjudicate the merits of claims or defenses unless the offending party's conduct during discovery justifies a presumption that its claims or defenses lack merit." *Paradigm Oil, Inc.*, 372 S.W.3d at 184.

### III. ANALYSIS

As a threshold matter, we address Bryant's claims that relators waived their arguments regarding "death penalty" sanctions by failing to raise these arguments in the trial court. A death penalty sanction is any sanction that adjudicates a claim or defense and precludes the presentation of the merits of a case. *See TransAm. Nat. Gas Corp.*, 811 S.W.2d at 918; *In re Noble Drilling (Jim Thompson), LLC*, 449 S.W.3d at 630; *In re RH White Oak, LLC*, 442 S.W.3d 492, 500–01 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding); *Lanfear v. Blackmon*, 827 S.W.2d 87, 91 (Tex. App.—Corpus Christi 1992, orig. proceeding). "Discovery sanctions that are so severe as to inhibit presentation of the merits of a case should be reserved to address a party's flagrant bad

9

faith or counsel's callous disregard for the responsibilities of discovery under the rules."
*Spohn Hosp.*, 104 S.W.3d at 883; *see TransAm. Nat. Gas Corp.*, 811 S.W.2d at 918.

We agree with Bryant that relators did not utilize the phrase "death penalty" in their response to the motion for sanctions and they did not utilize that phrase at the hearing. It is clear that arguments that are not presented to the trial court will not be considered in a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1991) (orig. proceeding); *In re Abney*, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, orig. proceeding); *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding).[4] However, relators strenuously opposed the imposition of sanctions by written response and by copious argument before the trial court. They argued that sanctions were not appropriate given that they had produced the discovery at issue, the discovery period extended through the end of November, and that Rule 215 did not allow for the requested sanction. Under these circumstances, we do not believe that the omission of the phrase "death penalty" in relators' pleadings or argument was fatal to relators' defenses to the imposition of sanctions. *See generally* TEX. R. APP. P. 33.1.

In this case, the trial court's order precludes relators from presenting any affirmative defenses, thereby effectively adjudicating the merits of relators' defenses. *See Lanfear*, 827 S.W.2d at 91 (reviewing a sanction order striking an affirmative defense under the standards articulated by *TransAmerican Natural Gas Corp. v. Powell*). In this

---

[4] On a similar issue, Bryant has filed a motion to strike specified documents identified as MR-30 and MR-46 contained in relators' mandamus record. Bryant further seeks to substitute MR-65 in place of MR-30. We grant Bryant's motion.

case, relators repeatedly failed to respond to Bryant's discovery requests despite receiving numerous extensions of time in which to do so. Relators explained the approximately six-month delay by reference to confusion over their corporate structure and the substitution of their counsel while the discovery requests were outstanding. While relators failed to respond to the discovery requests within the periods contemplated by the rules of civil procedure, they did respond within the deadline provided by the docket control order. Bryant had not previously filed a motion to compel with regard to these matters and the trial court had not previously entered an order compelling discovery. Further, the record does not indicate that the trial court considered the imposition of appropriate lesser sanctions or that the trial court offered a reasoned explanation of the sanction imposed.

While relators' delay in responding to the discovery requests—despite Bryant's professional courtesies in extending the deadlines—is questionable at best, we do not see anything in the record currently before us supporting a finding of flagrant bad faith or callous disregard for the responsibilities of discovery. *See Spohn Hosp.*, 104 S.W.3d at 883; *TransAm. Nat. Gas Corp.*, 811 S.W.2d at 918. The events as presented here are insufficient to justify the severity of the sanctions imposed. Therefore, on this record, we hold that the trial court abused its discretion in ordering that the relators were prohibited from alleging affirmative defenses in this action. Further, relators lack an adequate remedy by appeal insofar as the trial court has ordered sanctions that have the effect of adjudicating a dispute but do not result in the rendition of an appealable judgment. *See TransAm. Nat. Gas Corp.*, 811 S.W.2d at 919.

11

## IV. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relators have met their burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its July 11, 2017 sanction order. We express no opinion, based on this record, regarding whether imposing a lesser sanction would be just, and we defer that issue to the trial court's sound discretion. The writ will issue only if the trial court fails to act in conformity with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 14th
day of November, 2017.